# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF KENTUCKY
### OWENSBORO DIVISION

**ROBERT DAMION BARNES**                                        **PLAINTIFF**

**v.**                                        **CIVIL ACTION NO. 4:18-CV-P97-JHM**

**DAVIESS COUNTY DETENTION CENTER et al.**                      **DEFENDANTS**

## <u>MEMORANDUM OPINION AND ORDER</u>

Plaintiff Robert Damion Barnes, *pro se*, filed this *in forma pauperis* civil-rights action. This case is before the Court for screening pursuant to 28 U.S.C. § 1915A and *McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007). For the following reasons, this case will be dismissed in part and allowed to continue in part.

## I. <u>STATEMENT OF CLAIMS</u>

Plaintiff, an inmate at the Daviess County Detention Center (DCDC), names as Defendants DCDC and DCDC employees Jailer Art Maglinger and Deputy Jailer Andrew Martin, in their official capacities. He alleges that on May 31, 2018, he asked to call his attorney. According to the complaint, he was only allowed to use the phone to call his attorney between 1:30 and 3:30, Mondays, Wednesdays, and Fridays while he was in isolation. He states that, despite his request, Defendant Martin did not let him use the phone. Plaintiff states that he then asked for a supervisor and that the supervisor sent back a message that he was not able to see him. Plaintiff alleges that because he was not able to contact his attorney, his constitutional right to an attorney was violated.

Plaintiff next alleges that DCDC does not have "anything for Muslims." Specifically, he states that during Ramadan he has not been able to make a "Salaat (prayer) nor have I been able

to gain a clean uniform and the dress for Salah must be clean." He further alleges that "during Ramadan we are to make Fajr (the morning prayer) together as one of the five obligatory prayers. On Jumuah (or Friday) prayer is obligatory upon Muslim men and is to be offered in a congregation at Zuhr time . . . and we don't get that nor anything. This breaks my constitutional right to practice my religious preference."

Finally, Plaintiff alleges that on June 4, 2018, during the Ramadan meal, he alerted the jail staff that he is allergic to beans and eggs, prompting them to take away his meal. He states that he did not receive his meal back until after midnight, meaning that he fasted from 4:10 a.m. until 12:09 a.m. the next day. He alleges that missing this meal was a violation of his religious rights.

## II. <u>ANALYSIS</u>

When a prisoner initiates a civil action seeking redress from a governmental entity, officer, or employee, the trial court must review the complaint and dismiss the action, if the Court determines that it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A(b)(1) and (2). A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). The Court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Id*. at 327. When determining whether Plaintiff has stated a claim upon which relief can be granted, the Court must construe the complaint in a light most favorable to Plaintiff and accept all factual allegations as true. *Prater v. City of Burnside, Ky.*, 289 F.3d 417, 424 (6th Cir. 2002). While a reviewing court must liberally construe pro se pleadings, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam), to avoid dismissal, a

complaint must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

**A. Claim regarding call to attorney**

Plaintiff alleges that he was not able to call his attorney on May 31, 2018. He alleges that this inability was a violation of his constitutional right to an attorney.

However, an inmate has no right to unlimited telephone use. *See Washington v. Reno*, 35 F.3d 1093, 1100 (6th Cir. 1994); *Brown v. Long*, No. 96-5567, 1997 WL 63136, at *1 (6th Cir. Feb. 12, 1997) (holding that a "plaintiff [prisoner] has no constitutional right to unlimited access to a telephone, particularly during his confinement in segregation"). And, Plaintiff does not allege that he did not have other means of communicating with his attorney. *White v. Blue*, No. 4:15-CV-P100-JHM, 2015 WL 9244491, at *2 (W.D. Ky. Dec. 17, 2015) (finding that, where plaintiff did not allege that he did not have other means of communicating with his attorney, plaintiff had not alleged any constitutional violation with regard to access to the phone or his attorney); *see also Dewald v. McCallister*, No. 4:13CV-P6-M, 2013 WL 3280273, at *4 (W.D. Ky. June 27, 2013) (same). Consequently, the Court finds that Plaintiff fails to state a claim regarding the one-time inability to call his attorney.

**B. Claim regarding missing a meal during Ramadan**

Plaintiff alleges that on June 4, 2018, after he alerted the jail staff that he is allergic to beans and eggs, his meal was taken away. He alleges that he did not receive his meal back until after midnight, causing him to fast from 4:10 a.m. until 12:09 a.m. the next day in violation of his religious rights.

The First Amendment prevents the government from prohibiting or excessively curtailing the free exercise of religion. *See Cruz v. Beto*, 405 U.S. 319, 322 (1972) (per curiam). Inmates do retain their rights under the First Amendment. *O'Lone v. Estate of Shabazz*, 482 U.S. 342, 348 (1987). However, Plaintiff's complaint of a one-time delay in serving breakfast during the period of Ramadan does not rise to a constitutional violation, even if that delay meant that he could not eat until after sundown. *See Mabon v. Campbell*, Nos. 98-5468, 98-5513, 2000 WL 145177, at *3 (6th Cir. Feb. 1, 2000) (per curiam). Plaintiff does not allege that he was not able to practice his religion properly as he states that he did fast as required by his religious belief. "[A] short-term and sporadic disruption of [a prisoner's] Ramadan eating habits does not . . . allege a substantial burden on his religious freedom." *Maynard v. Hale*, No. 3:11-CV-1233, 2012 WL 3401095, at *4 (M.D. Tenn. Aug. 14, 2012). Consequently, Plaintiff's claim relating to the disturbance of his Ramadan observance because he missed one meal will be dismissed for failure to state a claim. *Owens v. Daviess Cty. Det. Ctr.*, No. 4:12CV-P106-M, 2012 WL 5505287, at *1 (W.D. Ky. Nov. 13, 2012).

### C. Claim regarding Muslim religion

The Court will allow to continue Plaintiff's First Amendment freedom-of-religion claim alleging that DCDC does not have "anything for Muslims," *i.e.*, that during Ramadan he has not been able to make a "Salaat (prayer)," to have a clean uniform in which to pray, to "make Fajr (the morning prayer)," or to make "Jumuah (or Friday) prayer."

However, the Court notes that suing Defendants DCDC and DCDC employees Jailer Maglinger and Deputy Jailer Martin, in their official capacities, as Plaintiff has in this case, is tantamount to suing Daviess County. Therefore, in the case at bar, Plaintiff's claims against the

employees of Daviess County in their official capacities are actually brought against the Daviess County government. *See Matthews v. Jones*, 35 F.3d 1046, 1049 (6th Cir. 1994).

Moreover, DCDC is not a "person" subject to suit under § 1983 because municipal departments, such as jails, are not suable under § 1983. *Rhodes v. McDannel*, 945 F.2d 117, 120 (6th Cir. 1991) (holding that a police department may not be sued under § 1983); *see also Marbry v. Corr. Med. Serv.*, No. 99-6706, 2000 WL 1720959 at *2 (6th Cir. Nov. 6, 2000) (holding that a jail is not an entity subject to suit under § 1983). In this situation, it is Daviess County that is the proper defendant in this case. *See Smallwood v. Jefferson Cty. Gov't*, 743 F. Supp. 502, 503 (W.D. Ky. 1990). Further, Daviess County is a "person" for purposes of § 1983. *Monell v. N.Y. Dept. of Soc. Servs.*, 436 U.S. 658 (1978). The Court will therefore construe the claims against DCDC as brought against Daviess County. Accordingly, the Court will instruct the Clerk of Court to change the docket of this case to reflect that Daviess County is the proper Defendant in this action.

The Religious Land Use and Institutionalized Persons Act (RLUIPA), 42 U.S.C. § 2000cc-1(a), offers heightened statutory protection of the freedom of religion. Plaintiff's complaint makes no mention of RLUIPA. However, other circuits have held that it is error for a district court not to consider a RLUIPA claim where a *pro se* plaintiff has alleged a constitutional freedom of religion claim. *See Smith v. Johnson*, 202 F. App'x 547, 549 (3d Cir. 2006) ("We apply the relevant law, regardless of whether the pro se litigant has identified it by name"; noting that the Second and Tenth Circuits also have remanded to the district court for a determination under RLUIPA even where the RLUIPA was not alleged in the complaint). This Court will, therefore, consider whether Plaintiff has a claim under the RLUIPA as well.

Under the RLUIPA,

No government shall impose a substantial burden on the religious exercise of a person residing in or confined to an institution, as defined in section 1997 of this title, even if the burden results from a rule of general applicability, unless the government demonstrates that imposition of the burden on that person—

(1) is in furtherance of a compelling governmental interest; and

(2) is the least restrictive means of furthering that compelling governmental interest.

42 U.S.C. § 2000cc-1(a). The Court finds that Plaintiff has stated a RLUIPA claim.

### III. <u>CONCLUSION AND ORDER</u>

For the following reasons,

**IT IS ORDERED** that Plaintiff's claims regarding calling his attorney and missing a meal during Ramadan are **DISMISSED** for failure to state a claim upon which relief can be granted within the meaning of 28 U.S.C. § 1915A(b)(1).

The Clerk of Court is **DIRECTED** to **terminate** the Daviess County Detention Center, Jailer Art Maglinger, and Deputy Jailer Andrew Martin as Defendants, and to **add** as Defendant in this case Daviess County.

The Court will enter a separate Order Directing Service and Scheduling Order to govern the development of the remaining claim in this action.

Date: October 19, 2018

Joseph H. McKinley, Jr., Chief Judge
United States District Court

cc: Plaintiff, *pro se*
Defendants
Daviess County Attorney
4414.009

6